Timothy A. SHIMKO, Sr.; Shimko & Piscitelli, Plaintiffs–Appellants,

v.

Rhona GOLDFARB; Richard Ross; Marcia Ross; David Goldfarb, Defendants–Appellees.

No. 05–15009.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed Aug. 31, 2007.

Timothy A. Shimko, Esq., Cleveland, OH, pro se.

Frank E. Piscitelli, Jr., Cleveland, OH, pro se.

Richard J. McDaniel, Esq., Christopher Tobin Graver, Esq., Stinson Morrison Hecker, LLP, Phoenix, AZ, Kathi Guenther, Cave Creek, AZ, Phillip A. Ciano, Esq., Ciano & Goldwasser, Cleveland, OH, for Defendants–Appellees.

Before: BYBEE and M. SMITH, Circuit Judges, and SEABRIGHT,* District Judge.

MEMORANDUM **

Attorney Timothy Shimko filed an action seeking unpaid attorneys fees from Richard Ross and David Goldfarb. Ross and Goldfarb had interests in CORF Licensing Services, L.P., and CORF Management Services, L.P. (collectively, the "CORF entities"). The district court granted summary judgment in favor of Ross and Goldfarb on each of Shimko's claims, and Shimko timely appealed. Because the parties are aware of the facts of this case, we do not recount them here.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand for further proceedings.

We review the district court's grant of summary judgment de novo, "viewing the facts in a light most favorable to [the nonmoving party] and drawing all reasonable inferences in his favor." *Flint v. Dennison*, 488 F.3d 816, 825–26 (9th Cir.2007). In ruling on a motion for summary judgment, Federal Rule of Civil Procedure 56(c) instructs that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...."

■ Although the decision is close, we find that the district court erred in granting summary judgment to Ross and Goldfarb on Shimko's claims for breach of contract, action on an account and unjust enrichment. Shimko filed an affidavit with the district court in opposition to Ross and Goldfarb's motion for summary judgment, in which he stated:

3. I entered into an agreement with Defendants whereby I agreed to provide legal services to Defendants in exchange for legal fees (hereinafter "the agreement").

4. The agreement was made between the individual Defendants and me. The agreement was made on a personal and individual basis with each and every defendant.

5. For ease of matters, the individual Defendants requested that Plaintiffs' invoices be directed to CORF Management Services, LP (hereinafter "CMS"), which is one of Defendants' numerous business entities.

6. Plaintiffs' invoices were directed to CMS only because of Defendants' express request, and purportedly for matters of Defendants' administrative convenience.

Viewed in the light most favorable to Shimko, the statements in Shimko's affidavit raise a *"genuine* issue of *material* fact," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original), that Shimko had agreements with Ross and Goldfarb to represent them on an individual basis.

The evidence in Shimko's affidavit is material because it goes to the "critical" fact in dispute as determined by substantive law. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The district court's decision turned on the identity of the party Shimko agreed to represent. The district court found that there was "no evidence of

---

* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a contract between Ross and Goldfarb and S&P" and concluded that Ross and Goldfarb were not liable because Shimko had contracted only with the CORF entities. Thus, Shimko's statement that he contracted with "the individual Defendants" and that "[t]he agreement was made on a personal and individual basis with each and every defendant," directly addresses the disputed issue on summary judgment.[1]

The issue of fact raised in Shimko's affidavit is also "genuine." Generally, "[t]his circuit has held that self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir.2001). Shimko's statements in his affidavit, although lacking in detail, were not conclusory; the facts set out in the affidavit are "neither in the form of legal conclusions nor speculative, but are material facts based on [Shimko's] personal recollection of the events." *Orsini v. O/S SEABROOKE O.N.*, 247 F.3d 953, 960 n. 4 (9th Cir.2001). As a party to the alleged contract for representation, Shimko has personal knowledge of the identities of the other parties to the contract. Based on this personal knowledge, Shimko provided an affidavit stating the identity of the parties to the contract which, if credited by the trier of fact, would not bar recovery

under a theory of Arizona limited partnership statutes. Shimko's affidavit thus raises a genuine issue of material fact. *Cf. Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505 (remanding for reconsideration of whether respondents' assertions regarding petitioners' state of mind and credibility were sufficient to raise a genuine issue given the heightened evidentiary standard of clear and convincing evidence required to prevail on a libel claim).

■ Because Shimko's affidavit raises a genuine issue of material fact as to the actual parties to the contract, we reverse the district court's order granting summary judgment in favor of Ross and Goldfarb and remand the claim to the district court for further proceedings.[2] We similarly remand Shimko's claim for action on an account.

We also remand Shimko's claim that he is entitled to recovery under quantum meruit. *See Advance Leasing & Crane Co., Inc. v. Del E. Webb Corp.*, 117 Ariz. 451, 573 P.2d 525, 526–27 (1977) (citing § 110 of the Restatement of Restitution with approval).[3]

■ The district court's decision dismissing Shimko's claim against Ross and Goldfarb alleging a violation of A.R.S. § 13–1807 for passing bad checks is affirmed. Section 13–1807 is a criminal stat-

---

1. It is an issue for the trier of fact to determine the extent to which Shimko's failure to provide additional context for the contract renders his claim that he contracted with Ross and Goldfarb on an individual basis less credible. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 ("[c]redibility determinations ... are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict").

2. Shimko's argument that Ross and Goldfarb were liable for the debts of the CORF entities as limited partners in control under A.R.S. § 29–319 is waived because it was not raised

before the district court. *See In re Prof'l Inv. Props. of Am.*, 955 F.2d 623, 625 (9th Cir. 1992).

3. During oral argument, Shimko admitted that he failed to get signed conflict waivers from his clients. We note, without deciding, that the relevant state bar rules of ethics may preclude recovery where an attorney fails to adequately disclose a conflict of interest between clients. The district court may wish to take these ethical rules into consideration when determining whether Shimko is entitled to an equitable remedy.

ute and, as such, does not create a private right of action. *See State v. Clough,* 171 Ariz. 217, 829 P.2d 1263, 1265 (1992).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

William K. Kiang, Esq., Kiang & Kiang, San Gabriel, CA, for Petitioner.